## AGREEMENT FOR PROTECTION OF SURETIES.

Circuit Court of Ashtabula County.

GEORGE W. MARTIN ET AL V. FIRST NATIONAL BANK OF GENEVA.

Decided, September, 1907.

*Promissory Note—Agreement Making Obligation of Securities Secondary—Parol Testimony as to, Inadmissible—Limitations on Authority of Cashier—Agreements Varying Contracts in Writing.*

Parol evidence is not admissible to show that, at the time of taking a promissory note by a bank for the payment of a loan secured by securities, the cashier agreed that he would secure certain bonds as collateral for the payment of the note and that the liability of the sureties should be subordinate to such collateral; neither has a cashier, in the ordinary performance of his duties, authority to make such an agreement.

*E. J. Pinney, Hoyt, Munsell & Hall,* for plaintiff in error.
*Henry Means* and *A. J. Turnkey,* contra.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Error to Ashtabula Common Pleas Court.

George W. Martin and others made their negotiable promissory note to the First National Bank of Geneva, Ohio, for the sum of two thousand, one hundred and forty-five dollars for money loaned. The note was in the ordinary form. Two of the parties, Clark Martin and George Martin, were sureties and they contested the payment of the note, but at the close of the evidence the court directed a verdict against all the makers, including the sureties, for the full amount due on the note.

It was claimed by the sureties that at the time of the delivery of the note to the bank there was a parol agreement with the cashier that the bank was to obtain from the Ottumwa Telephone Company, of the state of Iowa, in which company, the principals upon the note, as well as the bank were interested, the bonds of that company of sufficient amount to pay the note and that such bonds were to be held by the bank as collateral for the payment of the note and were to be exhausted before any liability of the sureties would attach.

It was further claimed that the bank did not procure the bonds or, if it did, it appropriated them to its own use in payment of other claims that it had against the telephone company.

There was some evidence tending to show that such an agreement was made with the cashier, but there was no evidence that the board of directors of the bank knew anything of such agreement, either before or after the execution of the note, if it was made.

The effect of the agreement as claimed was that the obligation of the sureties was to be secondary; that the bank was to secure these bonds of the telephone company which were to be primarily liable and, if the proceeds of the bonds were not sufficient to pay the note, the sureties were to be responsible for the payment of the residue.

The first question that confronts us is: Can parol evidence be admitted to show such an agreement? A promissory note is a contract in writing and both parties, the maker and payee, are bound by its terms. A want or failure of consideration in whole or in part might be shown the same as in a deed or other written contract, but certainly the time or manner of payment differing from that stated, in the note could not be varied by such evidence. As said in the case of *Holsworth and Sebastian* v. *Koch, Mayer & Goldsmith and Doering,* 26 O. S., 33:

"The note contains an absolute and unconditional promise to pay its full amount at the end of six months and the defendants sought by parol proof to change this into a promise to pay on condition the plaintiffs would furnish goods to Doering and to pay at such time or times as he might be able to pay. This they could not be allowed to do, without the violation of one of the first and plainest principles of evidence."

We are of opinion that this parol evidence was not admissible.

But, if this evidence was admissible, what authority had the cashier of the bank to make such an agreement? It is true the cashier is the agent of the bank, but the board of directors has control of the affairs of the bank and, without specific authority from the board, the cashier can not enter into any agreement that does not usually pertain to the duties of a cashier, or such

other acts as the board has by such a uniform custom permitted the cashier to perform. *Sturgis & Co.* v. *Bank of Circleville,* 11 O. S., 153; *First National Bank of Wellington* v. *Mansfield Savings Bank,* 10 C. C. R., 233.

If after making a loan, receiving a note and taking security for the payment of the same he could by an outside agreement provide that the bank was to obtain certain stock and hold it as collateral to the obligation of the sureties, and if the stock was not obtained the sureties would not be liable, then he might by such agreement provide that the sureties were not to be liable at all, which certainly would not be within his power.

We think the court of common pleas did right in instructing a verdict for the plaintiff and the judgment will be affirmed.